IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK JAMES NIIRANEN,           )
                                  )    Civil No. 04-1859-MO
          Petitioner,             )
                                  )
     v.                           )
                                  )
BRIAN BELLEQUE,                   )
                                  )    OPINION AND ORDER
          Respondent.             )

     Michelle A. Ryan
     Attorney at Law
     818 SW Third Avenue, #168
     Portland, OR 97204

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Dennis M. Vannier
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

MOSMAN, District Judge.

     Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 seeking to challenge his underlying state convictions

1 - OPINION AND ORDER

for Aggravated Murder and Burglary in the First Degree on the basis that he was the victim of ineffective assistance of counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On February 5, 1995, petitioner, who was then 39 years old, bludgeoned his adoptive parents to death with a hammer after his mother refused to provide him with money. Trial Transcript, pp. 318-19. After killing his parents, petitioner stole their cash, checks, and a credit card and proceeded to go on a drug binge before taking his girlfriend to Reno to get married. *Id* at 9-12. Nine days after the murders, petitioner had run out of money and decided to confess to the police. He led officers to his parents' home where their bodies remained where he had left them, and the murder weapon was in a nearby trash bin precisely where he had described it in his confession. *Id* at 21-22.

In order to avoid a capital prosecution, he entered into a no contest plea to two counts of Aggravated Murder and a single count of Burglary in the First Degree. Pursuant to the Plea Agreement, the trial court sentenced him to two concurrent terms of life imprisonment with a minimum sentence of 30 years, and a consecutive 108-month sentence on the Burglary conviction. *Id* at 392; Respondent's Exhibit 105. As part of the plea bargain, petitioner

2 - OPINION AND ORDER

agreed to waive his rights to all appeals. Respondent's Exhibit 105, p. 2.

Petitioner did not directly appeal his convictions, but he did file for post-conviction review ("PCR") in Malheur County. The State moved for summary judgment on the basis that no genuine issue of material fact existed. Respondent's Exhibit 108. The PCR trial court granted the motion, making the following findings of fact and conclusions of law:

1. Petitioner entered into a Petition to Plead No Contest and Waiver of Jury Trial on January 28, 1999. (Exhibit 104). This document was executed by Petitioner in open Court after extensive discussion, beginning with a pre-trial conference with Judge Frankel (Exhibit 101, Transcript at 290-324) and ending with the negotiated plea.

2. As a term in the plea petition, Petitioner specifically waived any right to pursue appeal and **post conviction relief**.

3. The plea agreement has never been set aside, and, in fact, the State performed as agreed in the agreement.

4. Defendant does not raise any argument seeking to set aside the plea agreement in his Petition for Post Conviction Relief, nor does he claim the Plea Petition was not knowing and voluntarily made in his Petition. At hearing in this matter, Petitioner claims he didn't understand the petition or what he was doing when he entered his plea. He does not claim mental incompetence or inability to comprehend or understand due to impairment for mental disease or defect. There is no evidence in this record that supports this contention.

5. Even had this issue been raise[d], the record, particularly the dialogue between the Court and Defendant, make[s] it abundantly clear that the Defendant knew what he was doing when he entered

3 - OPINION AND ORDER

           into the Agreement, and that he did so freely and voluntarily.

    6.    There is no basis contained in the record to set aside the Petition.

    7.    This claim is barred by the terms of the Plea Petition as a matter of law.

    8.    The Petition is without merit and is frivolous.

Respondent's Exhibit 115, pp. 1-2 (bold in original); Respondent's Exhibits 114. The Oregon Court of Appeals affirmed this decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Niiranen v. Lampert*, 185 Or.App. 407, 61 P.3d 280 (2002), *rev. denied*, 336 Or. 192, 82 P.3d 626 (2003).

    Petitioner filed his federal Petition for Writ of Habeas Corpus on December 22, 2004 in which he raises seven claims of ineffective assistance of counsel. Respondent asks the court to dismiss the petition because: (1) it is untimely; (2) petitioner waived his right to avail himself of the habeas corpus remedy in the Plea Agreement; and (3) his claims lack merit. Petitioner makes a variety of arguments to overcome the procedural hurdles to his Petition. Assuming petitioner can excuse the untimely filing of this case, and further assuming that his underlying Plea Agreement does not preclude federal habeas review of the claims he raises, petitioner is nevertheless not entitled to habeas corpus relief.

///

///

    4 - OPINION AND ORDER

**DISCUSSION**

I.  **Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires

5 - OPINION AND ORDER

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

Petitioner argues that the court should not lend any deference to the PCR trial court's decision because it granted summary judgment and, therefore, did not adjudicate petitioner's claims on the merits. Although the PCR trial court did enter summary judgment while concluding that the no contest plea precluded a PCR action, it also explored the merits of petitioner's claims. It found that there was no evidence to support petitioner's contention that he did not understand what he was doing when he entered his plea, and that petitioner entered the plea knowingly and voluntarily.[1] Respondent's Exhibits 114-115. The fact that the PCR trial court entered summary judgment does not, by itself, compel a conclusion that it did not reach the merits of the case. *See Downs v. Hoyt*, 232 F.3d 1031, 1035 (2000). Because the PCR trial court considered the merits of petitioner's case when it denied relief, the court lends deference to that decision.

///

///

///

---

[1] While advising petitioner that it might not be in his best interest to continue challenging the plea agreement, the PCR trial judge reiterated that petitioner knowingly and voluntarily entered his plea. Respondent's Exhibit 114, p. 13.

6 - OPINION AND ORDER

**II.  Unargued Claims.**

In his Petition for Writ of Habeas Corpus, petitioner asserts he was the victim of ineffective assistance of trial counsel when his attorneys failed to:

1. Ensure that petitioner understood the ramifications of pleading guilty to the charges, including that the departure sentence for Burglary would run concurrently to the life sentences;

2. Investigate the fact and circumstances of the criminal charges at issue;

3. Interview and subpoena relevant and material witnesses;

4. Interview and subpoena relevant and material expert witnesses;

5. Challenge the State's psychological assessment in light of the evidence provided by a defense evaluation;

6. Investigate evidence that someone had tampered with the crime scene; and

7. Aggressively pursue a defense of mental disease or defect pursuant to ORS 161.295 and 161.300 even after it became obvious that there was clear and convincing evidence that petitioner suffered from a mental defect at the time of the commission of the crime.

In his supporting memorandum, petitioner argues only that counsel's advice to enter into the guilty plea was not reasonable based on his failure to aggressively pursue the available mental defenses, therefore petitioner's guilty plea was involuntary. Petitioner has not briefed the remainder of his claims, but does not wish to waive them. The court has reviewed petitioner's

unargued claims and determined that they do not entitle him to relief. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

### III. Ineffective Assistance of Counsel: Failure to Provide Competent Advice Regarding the Guilty Plea.

In his supporting memorandum, petitioner argues that counsel did not aggressively pursue the mental health defenses available to him: (1) guilty but for insanity; and (2) diminished capacity or partial responsibility. Petitioner asserts that had counsel done so, he would have insisted on proceeding to trial.

#### A. Expansion of the Record.

To support his claim of attorney error, petitioner asks the court to consider two exhibits which were not presented to the state courts. These exhibits are comprised of: (1) a report of petitioner's childhood prepared by his defense team which alleges that petitioner suffered severe childhood abuse at the hands of his parents (Petitioner's Exhibit 201); and (2) a defense-funded psychological evaluation of petitioner by Dr. David Kirschner who concluded that petitioner was in a "dissociative state" and "in the throes of an Acute Catathymic Crisis" when he killed his parents (Petitioner's Exhibit 202).

8 - OPINION AND ORDER

Where, as here, a prisoner wishes to introduce new evidence in the absence of an evidentiary hearing, the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2) nevertheless apply. *Holland v. Jackson*, 124 S.Ct. 2736, 2738 (2004). Accordingly, if petitioner has failed to develop his claim in the state courts, he may only supplement the record if his claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). He must also demonstrate that the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

As noted above, Petitioner's Exhibits 201 and 202 were produced in anticipation of petitioner's criminal trial. Consequently, the Exhibits were available well before petitioner filed his PCR Petition and could have been presented to the PCR trial court for consideration. Because petitioner failed to introduce this evidence during his PCR trial, he cannot meet the diligence requirement of § 2254(e)(2)(A)(ii). Accordingly, Petitioner's Exhibits 201 and 202 will not be considered.

///

///

9 - OPINION AND ORDER

**B.   Analysis.**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel.  First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense.  The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner claims that his attorneys did not perform a sufficient investigation into the viability of a mental defense based on the severe child abuse he claims to have suffered. During his PCR deposition, petitioner was able to identify several individuals who, he claimed, could have testified to the abuse he

suffered as a child. Respondent's Exhibit 110, pp. 19-24. He did not, however, provide the PCR trial court with any affidavits from of these potential witnesses, leaving the PCR trial court to consider petitioner's claims based only on his own self-serving and unsupported deposition testimony.

Based on the lack of evidence before it, the PCR trial court could only conclude that there was insufficient evidence in the record to support petitioner's contention that he did not knowingly enter the plea agreement due to ineffective assistance of counsel. *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel claim). Because petitioner did not carry his burden of proof in the PCR proceeding, the PCR trial court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

### C. **Extended Analysis.**

Although not obligated to do so, the court has conducted an independent review of the record in this case and determined that even if no deference is due to the PCR trial court's decision, and further assuming that Petitioner's Exhibits 201 and 202 are

11 - OPINION AND ORDER

admissible in this proceeding, the totality of the record before this court supports the conclusion that petitioner is not entitled to relief. Petitioner's attorneys hired Dr. Kirschner to conduct a psychological evaluation. According to petitioner's own deposition testimony, he and Dr. Kirschner spent "several hours and several days" together. Respondent's Exhibit 110, p. 32. Trial counsel also consulted with a second medical expert, Dr. Conte, although the results of that consultation are not apparent from the record. Trial Transcript, pp. 281, 286. Further, counsel hired two investigators to interview witnesses and gather evidence, and the defense team developed Petitioner's Exhibit 201, a lengthy report detailing the childhood abuse petitioner allegedly suffered. Taken in the aggregate, these efforts do not indicate a failure to investigate.

Even if petitioner could show that his attorneys' efforts to investigate the available mental defenses fell below an objective standard of reasonableness, he cannot prove prejudice because the mental defenses were not viable. The mental defenses would have been based on petitioner's allegations that he suffered from severe child abuse from his adoptive parents. These allegations were directly contradicted by petitioner's brother, Henry McDonald, who was also adopted by the Niiranens. McDonald testified at petitioner's sentencing that many of the statements in Petitioner's Exhibit 201 were "self-serving, obviously, and are flat incorrect."

12 - OPINION AND ORDER

*Id* at 329. He testified that "this is the most preposterous stuff that I have ever read. And it's almost offensive to me to believe that it is presented before a court for consideration." *Id* at 330. He summed up the report as follows: "I think the bottom line to all this is that the statements that are contained in this packet are what Patrick does best. Patrick learned from a very early age . . . that he could elicit sympathy from people by creating wild stories. . . ." *Id* at 340.

Because McDonald's testimony undermined petitioner's assertion that he suffered significant abuse as a child, it not only discredited Petitioner's Exhibit 201, but would have effectively challenged Dr. Kirschner's evaluation since the foundation of that evaluation lay in petitioner's version of his childhood events, a version which McDonald found virtually unrecognizable. Given McDonald's testimony against his brother, it is unlikely that the mental defense based on petitioner's allegedly abusive childhood would have been successful at trial.

Based on the evidence in the record, petitioner's attorneys sufficiently explored the mental health defense options and worked out the best possible deal they could for their client given the extreme nature of the crime. Any further examination or presentation of a mental defense on petitioner's behalf would not have been productive. Accordingly, upon a *de novo* review of the

13 - OPINION AND ORDER

record, the court finds petitioner's ineffective assistance of counsel claim to be meritless.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this  25th  day of February, 2008.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

14 - OPINION AND ORDER